IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALLY L. GRECO,<br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br>        Defendant. | )<br>)<br>)   Civil Action No. 10-84<br>)   Electronically Filed<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff Cally Greco ("Plaintiff"), brings the present action under 42 U.S.C. § 405(g) and 28 U.S.C. § 1346(b) seeking judicial review of an offset of his Social Security benefits based upon his New York State workers' compensation award. The Court's review focuses on the final determination of the Commissioner of Social Security ("Commissioner"), which waived the Social Security Administration's ("SSA") recovery of overpayment of disability insurance benefits ("DIB") in the amount of $2,085.50. The parties have submitted cross-motions for summary judgment on the record developed at the administrative proceedings. After careful consideration of the Administrative Law Judge's ("ALJ") decision, the parties' submissions, and the entire record, the Court will deny Plaintiff's Motion for Summary Judgment (Doc. No. 15) and grant Defendant's Motion for Summary Judgment[1]. (Doc. No. 19).

---

[1] The Court acknowledges Plaintiff's reply brief, filed August 12, 2010. (Doc. No. 21). Although the Court did not give the parties permission to file reply briefs, it reviewed Plaintiff's submission and finds that the reply brief's contents do not change the outcome of this Opinion.

1

## II.　PROCEDURAL HISTORY

Plaintiff has been receiving DIB and supplemental security income ("SSI") since 1997. (R. at 229-30)[2]. Prior to receiving Social Security benefits, the New York State Workers' Compensation Board found that Plaintiff was entitled to workers' compensation benefits. (R. 529). Plaintiff prevailed on two workers' compensation claims. (R. 386). The New York State Insurance Fund ("SIF") was to pay $20,000.00 ($64.77 per week) and Travelers Insurance Company would pay $20,200.00 ($2,020.00 of which was allocated for reasonable future medical costs). (R. 386, 529).

In a letter from SSA dated December 9, 2002, Plaintiff was informed that a review of his record had revealed that SSA was taking a weekly offset in the amount of $129.54 ($64.77 per week for each claim). (R. 227). However, Plaintiff was only receiving $64.77 and medical assistance in worker's compensation benefits. (*Id.*). Plaintiff's Social Security benefits were "corrected and increased accordingly." (*Id.*).

On January 9, 2003, Plaintiff requested a hearing on the matter. (R. 229). A Social Security benefits hearing was held on November 6, 2003, in Syracuse, New York, before ALJ John R. Tarrant. (*Id.*). Plaintiff appeared and testified. (*Id.*). He waived representation. (*Id.*).

In a decision dated December 16, 2003, the ALJ found that Plaintiff's workers' compensation benefit was $64.77 for one claim and medical assistance for the other. (R. 229). The ALJ concluded that Plaintiff's workers' compensation award had been incorrectly applied causing an underpayment of Social Security benefits. (R. 229-30). The ALJ decided that the

---

[2] Plaintiff initially filed for Social Security Disability benefits on March 15, 1997. (R. 653-660). Plaintiff alleged disability as of January 24, 1997 because of injuries sustained from a 1995 motor vehicle accident. (*Id.*). Plaintiff's initial claim was denied, but he was approved on appeal and became entitled to benefits beginning July 1997. (R. 429).

2

underpayment had been corrected prior to the hearing and Plaintiff's claims for compensatory and punitive damages were beyond his authority as an ALJ. (R. 230).

Nearly five years later, on November 19, 2008, SSA advised Plaintiff that due to his workers' compensation settlement, he had been overpaid $2,085.80 in Social Security DIB. (R. 112-19). Plaintiff was advised he would have to repay the amount. (R. 112-13). Plaintiff contested this determination, and filed a written request for a hearing before an ALJ on December 19, 2008. (R. 332-34).

In a decision dated March 16, 2009, ALJ David G. Hatfield reached a decision favorable to Plaintiff based on the documentary evidence alone. (R. 60). The ALJ determined that Plaintiff was without fault in receiving and accepting the overpayment. (R. 61). Furthermore, recovery of the overpayment would defeat the purpose of Title II of the Social Security Act ("the Act"). (R. at 60-63). Accordingly, the ALJ determined that SSA waived recovery of the overpayment. (R. 63).

On December 1, 2009, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision. (R. 5-7). On January 20, 2010, Plaintiff instituted the present action seeking judicial review of the Commissioner's final decision. (Doc. No. 1).

**III.  STATEMENT OF THE CASE**

In a decision dated March 16, 2009, the ALJ made the following findings:

1. The claimant was overpaid disability insurance benefits in the amount of $2,085.80.

2. The claimant was without fault in causing and accepting overpayment. (20 C.F.R. § 404.507).

3

3. Recovery of the overpayment would defeat the purpose of Title II of the Social Security Act (20 C.F.R. § 404.508).

4. Recovery of the overpayment was waived (20 C.F.R. § 404.506).

## IV. STANDARD OF REVIEW

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191 (3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

To support his or her ultimate findings, an ALJ must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The ALJ must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence.

*Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

In an action in which review of an administrative determination is sought, the ALJ's decision cannot be affirmed on a ground other than that actually relied upon by the ALJ in making his/her decision. In *Sec. & Exch. Comm'r v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision.

## V. DISCUSSION

Plaintiff filed his complaint under 42 U.S.C. § 405(g)[3]. (Doc. No. 3). Section 405 provides that following "any final decision of the Commissioner of Social Security made after a

---

[3] In his brief in support of Motion for Summary Judgment, Plaintiff states that "the Court has jurisdiction under 28 U.S.C. § 1346(b)." (Doc. No. 16, 15). However, § 1346(b) provides that district courts shall have exclusive jurisdiction of civil actions on claims against the United States "for money damages. . .for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government . . . ." Plaintiff's case is not properly brought under § 1346(b) because the United States is not the named defendant and Plaintiff's claims do not meet any of those providing exclusive jurisdiction under § 1346(b). Furthermore, 42 U.S.C. § 405(h) provides:

5

hearing to which he was a party," an individual may bring suit in federal district court within sixty days of the mailing of the notice of the final decision challenging the Commissioner's decision. *See Califano v. Sanders*, 430 U.S. 99 (1977) (§ 405(g) "clearly limits judicial review to a particular type of agency action, a final decision of the Secretary made after a hearing."). Section 405 is the exclusive means to appeal the Commissioner's decision. ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). 42 U.S.C. §405(h).

Under the Code of Federal Regulations, an ALJ may issue a decision without holding a hearing if the ALJ "determines upon his or her own initiative that some or all facts are not in genuine dispute." 29 C.F.R. § 1614.109. The United States Supreme Court has held that an ALJ's decision made without a hearing, but which is subject to review by the Appeals Council, "constitutes a final decision for the purposes of § 405(g) jurisdiction." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

Here, the ALJ determined that "a favorable decision can be reached based upon the documentary evidence alone and that a hearing is unnecessary." (R. 60). The ALJ's decision was subject to the Appeals Counsel's review. (R. 5-8). The Appeals Council found no reason under the rules to review the ALJ's decision. (R. 5). Therefore, the ALJ's decision became the final decision of the Commissioner of Social Security. *Matthews v. Apfel*, 239 F.3d 589, 593-94

---

"no findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover any claim arising under this subchapter." 28 U.S.C. § 405(h).

(3d Cir. 2001). The ALJ's decision, is a "final decision of the Commissioner" and is subject to review by the Court under 42 U.S.C. § 405(g).

Under 42 U.S.C. §405(g), a district court's sole function is to determine whether the record, as a whole, contains substantial evidence to support the Commissioner's decision. *Adorno*, 40 F.3d at 46. In making this determination, the court considers and reviews only those findings upon which the ALJ based his or her decision, and cannot rectify errors, omissions or gaps in the record by supplying additional findings from its own independent analysis of portions of the record which were not mentioned or discussed by the ALJ. *Fargnoli*, 247 F.3d at 44 n. 7. In *SEC v. Chenery Corp.*, the United States Supreme Court held that '[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.' " *Chenery*, 318 U.S. 80, 87 (1943).

An ALJ may properly decide which issues have been properly brought before his/her review. *See* 42 U.S.C. § 405(b)(1) (. . . "The Commissioner of Social Security is further authorized, . . . to hold such hearings and to conduct such investigations and other proceedings as the Commissioner ***may deem necessary and proper for the administration of this title*** [42 U.S.C. § § 401 et seq.].")(emphasis added)[4].

1. *Issue Decided by the ALJ*

Here, the ALJ noted that while Plaintiff raised a variety of issues in "numerous letters and forms filed with the Agency" including "claimed violations of his constitutional rights, alleged

---
[4] 42 U.S.C. § 405(b)(1)-(2) only provides specific instructions for decisions which involve disability and are "in whole or in part unfavorable to such individual" or which determine that an invividual is no longer entitled to DIB. An unfavorable decision "shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and starting the Commissioner's determination and the reason or reasons upon which it is based." 42 U.S.C. § 405(b)(1). Neither situation is relevant here as the ALJ's sole decision to waive SSA's overpayment of DIB benefits was fully favorable to Plaintiff. (R. 60-63).

criminal activity, and underpayments allegedly due to him. . . . The **only** issue before me is the $2,085.50 overpayment of disability insurance benefits received by Mr. Greco and whether it can be waived." (R. at 60, n.1)(emphasis original).

The ALJ determined that Plaintiff was without fault in receiving and accepting the DIB overpayment. (R. 61). Furthermore, because social security benefits and food stamps were his only sources of income and overpayment would deprive him of earnings required for ordinary and necessary living expenses, recovery of the overpayment would defeat the purpose of Title II of the Act. (R. at 60-63). Accordingly, the ALJ determined that SSA waived recovery of the overpayment. (R. 63).

Plaintiff concedes he is not attempting to have this Court alter the ALJ's determination with respect to the one issue decided[5]. (Doc. No. 16, 15). Instead, Plaintiff raises many of the same issues the ALJ noted at R. 60 in a footnote were not relevant to his decision. (Doc. No. 16). Because the overpayment was the only issue the ALJ decided, and thus the only issue before the Appeals Council, and because this issue has not been raised by Plaintiff before this Court, there is nothing for the Court to review under 42 U.S.C. § 405(g). While there are other legal avenues Plaintiff could pursue to seek legal redress, none of these issues would be properly brought before an SSA ALJ or the Court. 42 U.S.C. §405(b)(1),(g). Therefore, remand would not be appropriate as an ALJ would not address Plaintiff's arguments. *Id.*

---

[5] Since the ALJ's decision, on the singular issue he decided, was fully favorable to Plaintiff, any ruling by the Court could not benefit Plaintiff. Under §405(g), the Court's review is limited to whether the ALJ's decision is supported by substantial evidence. Therefore, Plaintiff's challenge to the ALJ's decision could only result in an affirmation of the ALJ's decision or a remand of the decision solely because the ALJ's decision to waive the overpayment is not supported by substantial evidence. Neither scenario would permit any court nor ALJ to address Plaintiff's "other arguments."

Plaintiff urges this Court that: 1) he did not receive notice an offset would be taken; 2) he never received the workers' compensation payment; and 3) the offset is unconstitutional. (Doc. No. 16). Plaintiff's pro se filing was afforded the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Gavura v. Pa. State House of Representatives*, 55 Fed. Appx. 60, 63 (3d Cir.2002 ) ("Pro se complaints, however inartfully pleaded, are held to even less stringent standards than formal pleadings drafted by lawyers.") *(citing Becker v. C.I.R.*, 751 F.2d 146, 149 (3d Cir. 1984). Each of these arguments are not properly brought before the Court or an SSA ALJ.

   *2. Plaintiff's "Other Issues" Not Heard By the ALJ*

The ALJ was within his role in determining that it was not necessary or proper to address Plaintiff's other issues in his decision. 42 U.S.C. § § 401 *et seq*. For example, Plaintiff's claim that he was owed Social Security underpayments was not properly before this ALJ because in December of 2003, ALJ Tarrant disposed of the issue and denied Plaintiff's claims for compensatory and punitive damages resulting from the Social Security benefit underpayments. (R. 229-30). Under 42 U.S.C. § 405(g), Plaintiff had sixty days following receipt of ALJ Tarrant's decision to seek judicial review by the appropriate district court. He did not do so. Because the issue had been previously decided and was not appealed, this ALJ did not have to address it in his 2009 decision.

Additionally, the ALJ properly refused to address Plaintiff's constitutional arguments that any offset taken by the SSA is unconstitutional. In *Mathews v. Eldridge*, the United States Supreme Court held that it was "unrealistic" to expect that the Commissioner would consider the constitutionality of the administrative review system "at the behest of a single aid recipient raising a constitutional challenge in an adjudicatory context." *Mathews*, 424 U.S. at 332. The

*Mathews* Court found the ALJ "would not be required even to consider such a challenge." *Id.* The Supreme Court reiterated the premise in *Califano v. Sanders*, noting "constitutional questions are obviously not suited to resolution in administrative hearing procedures." *Califano v. Sanders*, 430 U.S. 99,109 (1977). The Supreme Court has upheld the constitutionality of section 224(a)'s offset provision. *See Richardson v. Belcher*, 404 U.S. 78, 84 (1971); *Bartley v. Richardson*, 404 U.S. 980 (1971). In upholding the statute, the Court emphasized that it, "reduce[s] the duplication inherent in the programs and at the same time allow[s] a supplement to workmens' compensation where the state payments [are] inadequate." *Belcher*, 404 U.S. at 84. Plaintiff's DIB offset serves to ensure that his total benefits do not exceed eighty percent of his average earnings prior to disability. 42 U.S.C. § 424(a)(5); 20 C.F.R. § 404.408; SSR 97-3. This is not unconstitutional. *Richardson*, 404 U.S. at 78.

Finally, Plaintiff's allegations of criminal conduct by his two ex-wives and adult child by using his Social Security number could not be properly addressed by an ALJ or the Court, and thus the ALJ correctly refused to consider this claim. (Doc. No. 16, 4). Similarly, the ALJ could not address SSA's "alleged criminal activity" as an ALJ's hearings and decisions are limited to those the Commissioner may deem necessary and proper for the administration of 42 U.S.C. § § 401 *et seq*. 42 U.S.C. §405(b)(1). Accordingly, any contention of criminal activity by the Commissioner or by Plaintiff's ex-wives and child for identity theft as a result of misuse of Plaintiff's Social Security number is not appropriately raised in this appeal. 42 U.S.C. §405(b)(1),(g).

Therefore, this Court concurs that only issue properly before the ALJ was SSA's waiver of Plaintiff's DIB overpayment. The ALJ's decision on this issue was fully favorable to Plaintiff and the Court is limited to reviewing the decision and its support. 42 U.S.C. § 405(g).

Under § 405(g), this Court can only review the sole issue decided by the ALJ--SSA's waiver of Plaintiff's DIB overpayment. 42 U.S.C. § 405(g). The Appeals Council refused to reconsider the ALJ's determination on this issue as requested by Plaintiff. (R. 1-5). Therefore, the ALJ's determination on this one issue is the <u>final decision</u> of the Commissioner. *Matthews*, 239 F.3d at 593-94.

## VI.  CONCLUSION

The Court does not have jurisdiction for Plaintiff's claims under 28 U.S.C. § 1346(b). Jurisdiction under 42 U.S.C. § 405(g) limits this Court to reviewing any final decision of the Commissioner. Because the ALJ solely determined SSA could <u>not</u> recoup Plaintiff's overpayment, which the Appeals Council refused to reconsider, this is the Commissioner's final decision. Because the ALJ's decision was fully favorable on this one issue and because Plaintiff does not contest the ALJ's decision to waive overpayment, it is questionable at best, whether any of Plaintiff's arguments are properly before the Court.

Given the pro se status of Plaintiff, and in an attempt to clarify the record, the Court notes that all other issues raised by Plaintiff and not addressed in detail by the ALJ, are not properly filed in front of the Court.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 15) will be denied. Commissioner's Motion for Summary Judgment (Doc. No. 19) will be granted. The Commissioner's decision will be affirmed.

An appropriate order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge